977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denard Darnell NEAL, Defendant-Appellant.
 No. 91-10078.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1992.
Decided Oct. 5, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Denard Darnell Neal appeals his conviction on bank robbery and firearms counts. We address his appeal of his sentence in an opinion filed simultaneously with this memorandum.
 
 
 3
 * Neal first argues that a statement he made to FBI agents after his arrest was improperly used against him at his trial because he made the statement without a lawyer present after having requested a lawyer. The district court denied his motion to suppress evidence of the statements.
 
 
 4
 We review denials of motions to suppress de novo, although we accept the district court's factual determinations unless they are clearly erroneous. See United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988).
 
 
 5
 There is no dispute that Neal invoked his right to remain silent and requested an attorney after he was arrested with his girlfriend Kathy Montgomery. The dispute is this: Neal and his girlfriend testified that FBI agents continued to press them for information about the robberies while they were being transported to jail. The agents testified that they did not ask any further questions. The district judge found that there was a "lack of credible evidence that the FBI Agents either violated defendant's Miranda rights or made any promises to defendant respecting Kathy Montgomery." We accept the district court's determination of credibility. Accepting the agents' testimony, the district court's legal finding that Neal's Miranda rights were not violated by improper questioning was correct.
 
 
 6
 Neal also claims that his statement was involuntary because of his fear of the FBI agents and his concern for his girlfriend's welfare. In determining voluntariness, "[t]he test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988).
 
 
 7
 We find no evidence of coercion. Testimony supported the district court's conclusion that the agents respected Neal's right to remain silent and that they made no promises regarding his girlfriend. Neal also signed a waiver of his rights before making his statement. Neal has failed to show how his alleged fear of the agents during the car ride somehow overcame his free will.
 
 
 8
 We also find no constitutional problem with the way one of the FBI agents responded to Neal's continuing talk after Neal had invoked his right to remain silent. The agent testified:
 
 
 9
 And I said, "Mr. Neal, I don't want to talk to you. You have exercised your right to remain silent. If you have changed your mind, tomorrow, being the 8th of December, we are going to pick you up from the jail, we are going to transport you to our office[,] we will fingerprint and photograph you," which is the normal procedure. "At that time, we will give you an opportunity to let us know if you have changed your mind."
 
 
 10
 The agent was respecting Neal's right to remain silent. He responded to Neal's continuing remarks by informing him that he would have to waive his right later if he wanted to talk. The agent made no threat or suggestion that it would be in Neal's interest to talk to the FBI without a lawyer.
 
 
 11
 In Collazo v. Estelle, 940 F.2d 411 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992), we held that an officer who attempted to persuade a suspect to answer questions despite the suspect's request for an attorney improperly coerced the suspect. Here, the FBI did not attempt to persuade Neal to talk.
 
 II
 
 12
 Neal claims the district judge erred by denying in part his motion to sever the counts in the indictment. We review a denial of a motion to sever for an abuse of discretion. See United States v. Ford, 632 F.2d 1354, 1373 (9th Cir.1980), cert. denied, 450 U.S. 934 (1981). "To satisfy this heavy burden, an appellant must show that the joint trial was so prejudicial as to require the exercise of the district judge's discretion in only one way: by ordering a separate trial." Id.
 
 
 13
 Neal originally faced counts involving five bank robberies. Upon his motion to sever, the district judge ordered that three of the robbery charges be tried together. The government decided not to prosecute Neal for the other two robberies.
 
 
 14
 Rule 8(a) of the Federal Rules of Criminal Procedure provides that offenses may be joined if they "are of the same or similar character or are based on the same act or transaction or on two or more transactions connected together or constituting parts of a common scheme or plan."
 
 
 15
 Rule 14 provides that if the defendant or the government is "prejudiced by a joinder of offenses," the district judge may order separate trials and grant other appropriate relief. Neal apparently is not challenging the initial joinder, which is supported by a number of similarities in the three robberies. Rather, Neal claims the district judge abused his discretion by not severing charges involving the three robberies.
 
 
 16
 Basically, Neal claims he suffered undue prejudice by the joinder because 1) the jury might have confused or accumulated the evidence, 2) the jury might have used the evidence to infer a criminal disposition leading to a finding of guilt, and 3) no one positively identified Neal in two of robberies while Neal admitted a third robbery.
 
 
 17
 On the issue of the jury confusing the evidence, the record is clear that evidence of each of the robberies was presented in a distinct fashion, with testimony about Neal's confession to the three robberies tying them together. The testimony was not complicated or voluminous and Neal does not complain of any improper instructions regarding the jury's use of the evidence. Neal did not suffer undue prejudice on this ground. Cf. United States v. Escalante, 637 F.2d 1197, 1201-02 (9th Cir.) (finding jury could reasonably be expected to compartmentalize evidence relating to codefendants), cert. denied, 449 U.S. 856 (1980).
 
 
 18
 Neal's claim that his admission regarding one of the robberies could have led to an impermissible inference of his criminal disposition is similarly without merit. Again, the jury could be expected to use his admission properly. It cannot be ignored that there was substantial other evidence--such as evidence of his confession--tying Neal to the other crimes.
 
 
 19
 Finally, the fact that no witness could positively identify Neal in two of the robberies while he admitted to committing a third does not demonstrate undue prejudice. As discussed above, there was substantial evidence presented that could lead the jury to find Neal guilty of all three robberies. In short, the district judge did not abuse his discretion in refusing to hold three trials for the three bank robbery charges.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3